UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW JOSEPH, JR., as natural father, next friend and personal representative of the Estate of Andrew Joseph, III deceased,

    Plaintiff,

v.                                        Case No: 8:16-cv-274-T-35CPT

CHAD CHRONISTER, FLORIDA STATE FAIR AUTHORITY, an instrumentality of the State of Florida, HENRY ECHENIQUE, in his individual capacity, MARK CLARK, in his individual capacity, STEPHEN JONES, in his individual capacity,

    Defendants.
_____/

**O R D E R**

This cause is before the Court on the *Plaintiff's Emergency Motion to Compel Discovery and Impose Sanctions* (Doc. 192) and Defendant Chad Chronister's response in opposition (Doc. 201). The Court conducted a hearing on the Plaintiff's motion on December 4, 2018. For the reasons discussed below, the motion is granted in part and denied in part.

I.

Plaintiff Andrew Joseph, Jr., as personal representative of the Estate of Andrew Joseph, III, initiated this action in February 2016 against the Florida State Fair Authority, the Sheriff of Hillsborough County, and a number of Hillsborough County Sheriff's Office (HCSO) deputies in their individual capacities. (Doc. 1). In his third amended complaint, Joseph asserts claims for wrongful death and deprivation of civil rights under 42 U.S.C. § 1983 stemming from an incident in which his son was tragically killed following his ejection from the Florida State Fair on February 7, 2014. (Doc. 143).

During discovery, Joseph scheduled a deposition of the HCSO representative pursuant to Federal Rule of Civil Procedure 30(b)(6). Although originally set to occur within the discovery period, which closed on October 26, 2018, the parties agreed to postpone the Rule 30(b)(6) deposition until November 8, 2018.

On the last day of discovery, however, Joseph issued an amended Rule 30(b)(6) notice seeking to substantially expand the scope of the topic areas for the deposition. As a result, the Defendants moved for a protective order. (Doc. 176). In ruling on that motion, the Court ordered that the deposition proceed as originally agreed-upon by the parties and that the witness be prepared to discuss the topic areas outlined in the deposition notice in effect prior to Joseph's issuance of the amended notice. (Doc. 185). The Court based its ruling on, among other considerations, the fact that the parties had previously agreed to conduct the deposition beyond the discovery

cutoff and that Joseph's last-minute effort to expand the listed topics was not proper under the circumstances. *See id.*

During the deposition on November 8, HCSO's counsel sought to confine Joseph's inquiry to only those topic areas set forth in the prior notice and, on multiple occasions, instructed the witness not to answer questions outside the notice's scope. (Doc. 192). As a result, Joseph's counsel suspended the deposition to seek the Court's intervention. *Id.*

### III.

In his motion, Joseph seeks to reopen the Rule 30(b)(6) deposition due to what he categorizes as opposing counsel's obstructive behavior. *Id.* at 3. In short, Joseph argues that the HCSO representative was unprepared and that defense counsel voiced improper speaking objections, inappropriately directed her client not to answer questions, and engaged in a generally unprofessional manner during the deposition.[1] *Id*. Joseph requests, among other relief, an order allowing an additional Rule 30(b)(6) deposition of an HCSO representative; an instruction to defense counsel not to engage in further disruptive behavior in this case; and an award of costs and attorneys' fees incurred for both the original and follow-up deposition, as well as all costs and fees associated with the instant motion. *Id.* at 34.

Defendant Chronister responds that Joseph's motion is meritless because the deposition took place outside of the discovery deadline, that Joseph was therefore not

---

[1] Examples of defense counsel's objections and instructions are outlined in Joseph's motion. *See, e.g.*, (Doc. 192 at 20-33); *see also* (Doc. 201-4).

3

entitled to question the witness on anything other than the topic areas delineated in the deposition notice, and that defense counsel's objections were intended merely to enforce the parameters of that notice and the Court's prior Order. (Doc. 201).

Rule 30(b)(6) provides, in relevant part:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization . . . .

Fed. R. Civ. P. 30(b)(6).

Among the purposes of this Rule is to "assist organizations which find that an unnecessarily large number of their officers and agents are being deposed by a party uncertain of who in the organization has knowledge" and to "curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it." Fed. R. Civ. P. 30(b)(6), advisory committee's notes to the 1970 amendment.

As a result, the Rule imposes burdens on both the discovering party and the designating party. The party seeking the deposition must describe with reasonable particularity the matters on which it intends to question the witness. Fed. R. Civ. P. 30(b)(6). The responding corporation then "has an affirmative duty to produce a

representative who can answer questions within the scope of the matters described in the notice [of deposition] and are 'known or reasonably available' to the corporation." *King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1999) (quoting Fed. R. Civ. P. 30(b)(6)).

Of significance here, many courts within this Circuit are of the view that the scope of a Rule 30(b)(6) deposition is not strictly confined to the topics set forth in the notice. Instead, these courts have found that, while Rule 30(b)(6) was intended to give notice of the subject matter that the corporate representative must be prepared to discuss, any relevant question may still be asked of the deponent. *See, e.g., id.* ("Rule [30(b)(6)] is not one of limitation but rather of specification within the broad parameters of the discovery rules."); *Santos v. Bank of Am., N.A.*, 2018 WL 3391330, at *1 (M.D. Fla. May 2, 2018) ("Rule 30(b)(6) itself does not limit what can be asked at a deposition. . . . The scope of discovery is defined instead by Rule 26(b)(1).") (citing *King*); *Bowers v. Am. Heart Ass'n, Inc.*, 2007 WL 9702160, at *2-4 (N.D. Ga. Sept. 21, 2007) (discussing *King* and collecting cases). Although there is authority that runs contrary to this view, *see, e.g., Paparelli v. Prudential Ins. Co.*, 108 F.R.D. 727 (D. Mass. 1985), the Court finds that case law less persuasive given the particular circumstances here.

In light of the above authority and the record before it, the Court finds that defense counsel's conduct at the deposition was improper. Even if counsel legitimately believed the questions fell outside the scope of the designated topic areas, the proper procedure was to voice her objections and to allow the deponent to answer.

5

*See, e.g., Buckley Towers Condominium, Inc. v. QBE Ins. Corp.*, 2008 WL 2645680, at *7 (S.D. Fla. June 26, 2008) ("this Court has for many years enforced the principle that pure relevance objections cannot be the bases for instructions not to answer during a deposition"); *King,* 161 F.R.D. at 476 ("If the examining party asks questions outside the scope of the matters described in the [30(b)(6)] notice, the general deposition rules govern (i.e., Fed. R. Civ. P. 26(b)(1)), so that relevant questions may be asked and no special protection is conferred on a deponent by virtue of the fact that the deposition was noticed under 30(b)(6).").

While the Court acknowledges defense counsel's position that the deposition was taken outside the discovery deadline, that fact did not permit her to limit the inquiry as she did. As noted, the Court ordered that the deposition proceed outside the discovery period, in large part, because the parties had previously agreed on the scheduling. Counsel's efforts to circumscribe the deposition were not justified under either the law or the Court's Order and hampered Joseph's ability to conduct discovery.

III

For the reasons set forth above, *Plaintiff's Emergency Motion to Compel Discovery and Impose Sanctions* (Doc. 192) is GRANTED in part and DENIED in part as follows:

1.      Joseph shall be permitted to conduct an additional 30(b)(6) deposition of the HSCO representative within fourteen (14) days of the date of this Order, or as otherwise agreed upon by counsel.

2. Defense counsel shall refrain from making speaking objections or instructing the witness not to answer questions, except on the basis of privilege or other legitimate grounds.

3. Defendant Chad Chronister, in his official capacity as the Sheriff of Hillsborough County, shall bear the reasonable costs of the additional deposition.

4. The Court denies without prejudice Joseph's request for any additional sanctions, pending the Defendant's compliance with this Order.

DONE and ORDERED in Tampa, Florida, this 29th day of January 2019.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record