**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANDREW JOSEPH, JR., as natural father, next friend and personal representative of the Estate of Andrew Joseph, III, deceased,

                    Plaintiff,

v.

CHAD CHRONISTER, in his official capacity, as the Sheriff of Hillsborough County, State of Florida, et al.,

                    Defendants.

Case No.  8:16-cv-00274-MSS-CPT

**AMENDED JOINT PRETRIAL STATEMENT**

The parties, pursuant to M.D. Fla. L.R. 3.06(c), hereby submit the following Joint Pretrial Statement:

## I.    Basis of Federal Jurisdiction

This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's claims arising under the Federal Civil Rights Act, 42 U.S.C § 1983, and Plaintiff's claims for alleged violations of the Fourth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## II.    Nature of the Action

Plaintiff alleges a Florida state claim for wrongful death against the Hillsborough County Sheriff's Office and the Florida State Fair Authority. Plaintiff alleges constitutional violations of the Fourth and Fourteenth Amendments to the United States Constitution pursuant to the Federal Civil Rights Act, 42 U.S.C § 1983, against Corporal Clark.  All Defendants deny all causes of action alleged, deny causation and deny that Plaintiff has standing to bring suit

## III.   Statement of the Case

Plaintiff's Statement:

This is an action against the Hillsborough County Sheriff's Office and one of its deputies, Mark Clark, for allegedly targeting and illegally detaining minor child Andrew Joseph, III ("AJ") at the Student Day event at the 2014 Florida State Fair ("the Fair") and then releasing him from the Fair into a dangerous situation in violation of Florida statutory and common law.

Plaintiff alleges Defendants subjected AJ to an illegal seizure and detention, without probable cause, and then forcibly ejected him from the Fair outside of Gate 4, in a remote area in close proximity to an area of heavy interstate traffic, and that all of these actions took place without notification to the juvenile's parents and without any oversight or attention to his welfare and well-being after being ejected from the fairgrounds.  After being denied access to further transport or permission to walk through the Fair to return safely to his designated pickup location, being told he would be arrested for trespass if he walked back through the Fair, and being

unfamiliar with the area outside of the fairgrounds, AJ and a twelve-year old companion ("CT"), walked down a sidewalk on Orient Road and under Interstate 4 ("I-4") in an effort to return to the area where he was to be picked up from the Fair outside Gate 3.  After arriving on the other side of I-4 and realizing he was no closer to Gate 3, he attempted to cross back over I-4 to retrace his route back towards the Fair.  As he crossed back over I-4, AJ was hit and killed by a vehicle. The area where AJ and CT were placed by Defendants after AJ's unconstitutional seizure and detention was not safe, and was certainly less safe, than where AJ was dropped off and detained.

Plaintiff, Andrew Joseph, Jr., AJ's father, on behalf of the Estate of Andrew Joseph, III and AJ's survivors, claims Defendant Corporal Mark Clark, intentionally deprived AJ of his rights under the Constitution of the United States pursuant to the Fourth and Fourteenth Amendments. Specifically, Andrew Joseph, Jr. claims that Corporal Mark Clark while acting under color of state law and employed as a member of the Hillsborough County Sheriff's Office, intentionally violated AJ's constitutional right to be free from unlawful detention and unreasonable search and seizure, and that Corporal Mark Clark's actions led to the wrongful death of AJ.  Plaintiff has also asserted state law wrongful death claims for negligence against Sheriff Chronister (for direct liability) and the Florida State Fair Authority (for direct and vicarious liability) for AJ's death.

<u>Defendants Chronister and Clark's Statement:</u>

On the evening of February 7, 2014, Plaintiff's son ("AJ") was dropped off at Student Day at the Florida State Fair by Ms. Shawntae Munn along with his friends CT, EC, VM and TD. TD is the son of Ms. Munn.  The group of boys were dropped off at Gate 3, which is off Martin Luther King Jr. (MLK) Blvd. The Fair Midway that night was very crowded and in some locations people were standing shoulder to shoulder. There were several fights on the Midway and large groups of people were running through the crowds with some pushing and knocking down Fair patrons.

As in prior years, the Hillsborough County Sheriff's Office ("HCSO") and the Florida State Fair Authority considered people running on the Midway under these conditions to be engaged in disorderly behavior that was subject to a trespass and ejection pursuant to 616.185, Florida Statutes.  That Florida Statute provides that disrupting the orderly conduct of the Florida State Fair subjects a person to being trespassed. At approximately 8:00 p.m., AJ saw that some of his friends (AA, HA, JH and RP) were being removed from the Midway by deputies of HCSO. AJ ran toward the commotion on the Midway and toward the deputies.

Corporal Clark escorted AJ from the Midway to a processing area to be trespassed and ejected from the ticketed Fair area. The walk from the Midway to the processing area took approximately 5-10 minutes during which time AJ was never placed in any kind of handcuffs or other restraint. The reason for trespassing and ejecting AJ was "running through the Midway causing disorderly conduct."

The ejection form was filled out by Deputy Echenique utilizing information provided by Corporal Clark.

While in the processing area, and in the company of Deputy Echenique, AJ provided general information such as his name, date of birth, home address and telephone number. In addition, his photograph was taken for identification purposes as part of the trespass. His NCIC/FCIC background was also checked to ensure that he was not wanted, missing or endangered. AJ was seen talking to his friends who were also in the processing area. Records also show AJ was using his cell phone to make and/or receive numerous calls and send messages to friends.

Deputy Echenique stayed with AJ for approximately 20-25 minutes out of the approximately 40 minutes that he was in the processing area. Deputy Echenique did not pat down, search or take any of AJ's belongings. Deputy Echenique also did not see any other deputy do any of these things to AJ. Additionally, Deputy Echenique never used any handcuffs on AJ or restrain him in any way. AJ was not detained for the purpose of answering for a crime, i.e. was not arrested, as arrest is defined under Florida law.

By approximately 8:41 p.m., AJ and his friends were moved from the processing area to a transport van driven by Sergeant Jones and taken to a pre-determined drop off location near the Gate 4 parking lot. The drop-off location was well within the fair's property and just outside of the ticketed area. It was not on a highway or roadway. This area was designated for Fair patrons who were ejected and trespassed. The drive to the drop-off location lasted three minutes. The

teenagers were not handcuffed nor restrained in any way during the drive. In addition, the teenagers were allowed to use their cell phones, which AJ did during this 3 minute ride on a service road within the Fairground property. While in the transport van, AJ called his friend TD, the son of Ms. Munn, who was going to pick up AJ, TD and the other teens he came with to the fair. AJ told TD that he was being dropped off by the Sheriff's Office at Gate 4. AJ was dropped off by the transport van at the drop-off location at 8:44 p.m.

After being taken to the designated drop-off location, AJ and his friends walked up to the entrance to Gate 4. His friends called for their respective rides and safely waited to be picked up and taken home. AJ did not call his parents or the parents of CT who he was with at that time. AJ also refused at least two (2) offers of rides and assistance from his friends and their parents. Of note, AJ was offered one ride home by Alton Harrison, the father of JH, another teen who had been ejected. Mr. Harrison was AJ's youth football coach. Mr. Harrison noted that the area where AJ was located (the drop-off area) was safe. Sometime thereafter, AJ and CT left the Gate 4 area and walked to Orient Road. They then went north on Orient Road under I-4 and to the Hard Rock Casino property. They then climbed over a 6' chain link fence and ran across I-4 from north to south. At approximately 10:43 p.m., 2 hours after being dropped off by the transport van at the Gate 4 area AJ was struck and killed by a motorist on I4 while he was running back across the interstate from the south side to the Casino (north) side. Thereafter, CT, his friend who was running across I-4 with AJ at the time of his

death, returned to Gate 4 to be picked up and driven home by Ms. Munn. When TD and the other boys left the Fair they went to Gate 4 to meet Ms. Munn as TD had advised her to change the pickup location from Gate 3 to Gate 4 after TD had spoken to Andrew while Andrew was in the transport van.

<u>Defendant Florida State Fair Authority's Statement</u>:

The Florida State Fair Authority conducted an annual fair in accordance with its statutory requirements. The Florida State Fair Authority had no [direct] involvement in the temporary detention, trespass, or release of Andrew Joseph, III, nor did the Florida State Fair Authority make or participate in any determination to temporarily detain, transport, or release Andrew Joseph, III. At the time of Andrew Joseph, III's death, the Florida State Fair Authority owed no legal duty of care to Andrew Joseph, III.

## IV.   **Trial Exhibits**

Plaintiff's list of trial exhibits is attached hereto as Exhibit "A".

Defendants Chronister and Clark's list of trial exhibits is attached hereto as Exhibit "B".

Defendant Florida State Fair Authority's list of trial exhibits is attached hereto as Exhibit "C".

All parties agree some objections to certain exhibits may be unnecessary or moot depending on the Court's rulings with regard to outstanding motions and motions in limine.

## V.    **Trial Witnesses**

Plaintiff's list of trial witnesses is attached hereto as Exhibit "D".

Defendants Chronister and Clark's list of trial witnesses is attached hereto as Exhibit "E".

Defendant Florida State Fair Authority's list of trial witnesses is attached hereto as Exhibit "F".

## VI.    **Expert Witnesses**

Plaintiff's list of trial expert witnesses is attached hereto as Exhibit "G".

Defendants Chronister and Clark's list of trial expert witnesses is attached hereto as Exhibit "H".

Defendant Florida State Fair Authority's list of trial expert witnesses is attached hereto as Exhibit "I".

## VII.    **In cases in which any party claims money damages, a statement of the elements of each such claim and the amount being sought with respect to each such element**

(a)    Plaintiff's Civil Right Claim:

1.    Plaintiff's Position:  The elements of a 42 U.S.C. § 1983 claim are: (a) a violation of right secured by the Constitution of the United States; (b) the deprivation was committed by a person acting under color of state law; and (c) that the deprivation caused damages.

Defendants' Position:  The elements of a 42 U.S.C. § 1983 claim are: (a) a violation of right secured by the Constitution of the United States; (b) the

Page **8** of **15**

deprivation was committed by a person acting under color of state law; and (c) that the deprivation caused injuries that were foreseeable.

2.     Pursuant to 42 U.S.C. § 1983 (Count VI) Plaintiff seeks all damages available for Defendant Clark's depravation of AJ's right to be free from an illegal search and seizure as provided by the Fourth and Fourteenth Amendments to the United Constitution.  These damages include damages for the specific violations of Fourth Amendment and Fourteenth Amendment protections against unlawful search and seizure and all damages proximately caused by the violations, including Andrew's death, compensatory damages, punitive damages, attorney's fees and costs. As to compensatory damages, <u>Defendants allege</u> these damages include damages AJ experienced while detained by HCSO. As to compensatory damages <u>Plaintiff alleges</u> these damages include the pain and suffering AJ experienced while in HCSO custody up to the time of his death, the pain and suffering of Andrew's natural parents including Andrew Joseph, Jr.'s mental pain and suffering and loss of companionship of his son and Deanna Hardy's mental pain and suffering and loss of companionship of her son. Pursuant to 42 U.S.C. § 1988, Plaintiff can recover his reasonable attorneys' fees and expenses incurred in this litigation.

(b)     <u>Plaintiff's Negligence Claims</u>

1.     The elements of the wrongful death claim under Florida law are: (a) existence of a legal duty owed by defendants to decedent; (b) a breach of that duty; (c) the breach was the proximate cause of decedent's death

2.     Under Florida State Law Wrongful Death Claims, (Counts I, II, and III) Plaintiff, as AJ's father and Personal Representative of the Estate, is seeking all damages available to AJ's Estate and AJ's survivors, for AJ's death, as a result of the alleged negligence of Sheriff Chronister and the Florida State Fair Authority. These damages include: (a) Andrew Joseph, Jr.'s mental pain and suffering and loss of companionship of his son; (b) Deanna Hardy's mental pain and suffering and loss of companionship of her son; and (c) funeral expenses (pursuant to Fla. Stat. §§ 768.21(5) and 6(b)).

## VIII.  **Depositions to be Offered in Evidence at Trial**

(a)     Plaintiff:

1.     Deposition of Kyle Cockream, taken October 24, 2018.

2.     Should any of Plaintiff's other listed witnesses (Exhibit "D") become unavailable for live testimony, subject to ruling of the Court, Plaintiff reserves the right to utilize deposition testimony.

(b)     Defendants Chronister and Clark:

Defendants reserve the right to utilize deposition testimony of witnesses who may be unable to attend trial due to their current location outside of the State of Florida or other unforeseen circumstances.

(c)     Defendant Florida State Fair Authority:

Defendant reserves the right to utilize deposition testimony of witnesses who may be able to attend trial due to their current location outside of the State of Florida.

IX.  **Concise Statement of Uncontested Facts Which Will Require No Proof at Trial**

Fourteen and a half-year old AJ attended Student Day at the Florida State Fair on February 7, 2014. At approximately 8:00 PM, while on the midway of the Fair, AJ was detained by Defendant Corporal Mark Clark, a law enforcement officer employed by the Hillsborough County Sheriff's Office ("HCSO").  AJ was taken by Corporal Clark from the midway of the Fair to a processing area run by HCSO and remained detained by of the HCSO for a total of 44 minutes.  At the processing area, Corporal Clark handed AJ over to Deputy Henry Echenique, who filled out an ejection form. After having his background checked for outstanding warrants and whether he was missing or endangered, and after being photographed, AJ was taken to a HCSO van and driven outside of the ticketed Fair area, but still on the Fairgrounds property, by Deputy Stephen Jones, an employee of HCSO and a contractual employee of the Florida State Fair Authority. AJ and his friend CT tried to re-enter the Fair to get back to the Gate 3 location where they were to meet their ride back home, but were refused entry. Sometime around 9:30 p.m. AJ and his friend CT left the Fair property and walked to Orient Road, went north and to the Hard Rock Casino property. They ran across the interstate from the north side to the south side. At approximately 10:43 PM, AJ was hit by a motorist while attempting to run back across I-4, from south to north, next to the Hard Rock Casino.

X.  **Statement of Issues of Law Upon Which There is Agreement**

Defendant Clark was acting under color of state law when he detained AJ.

## XI.    Statement of Issues of Fact to be Litigated at Trial

1.    Did Defendant Clark arrest, illegally detain or unconstitutionally seize AJ without probable cause?

2.    Were the injuries suffered by AJ the foreseeable consequence of Clark's arrest, illegal detention or unconstitutionally seizure?

3.    What damages are AJ's estate and parents entitled to if Clark arrested, illegally detained or unconstitutionally seized AJ without probable cause?

4.    Were Defendants Chronister and/or Florida State Fair Authority negligent in connection with the arrest, illegal detention or unconstitutional seizure, and ejection of AJ from the Fair?

5.    <u>Plaintiff's Position</u>:  Were the injuries suffered by AJ the foreseeable consequence of the alleged negligence of Defendants Chronister and/or Florida State Fair Authority?

      <u>Defendants' Position</u>:  Was AJ's death the foreseeable consequence of the alleged negligence of Defendants Chronister and/or Florida State Fair Authority?

6.    What damages are AJ's parents entitled to if Defendants Chronister and/or the Florida State Fair Authority were negligent and such negligence proximately caused AJ's death?

## XII.   Statement of Issues of Law Which Remain for Determination by the Court

Plaintiff asserts all legal issues were resolved by the Court's Order on Summary Judgment and the Eleventh Circuit's affirmance of that Order.

Defendants assert the following questions of law remain for determination by this Court:

1.  Whether Defendant Clark is entitled to qualified immunity?

2.  Whether the detention and ejection of AJ by Defendants was lawful?

3.  Whether AJ was arrested within the meaning of Florida Law?

4.  Whether section of 985.15 applies because AJ was not arrested within the meaning of Florida law?

5.  Whether the Hillsborough County Sheriff's Office and the Florida State Fair Authority owed a legal duty of care to AJ?

6.  Whether the Hillsborough County Sheriff's Office owed a legal duty to AJ under the Public Duty Doctrine?

7.  Whether Hillsborough County Sheriff's Office and the Florida State Fair Authority are entitled to sovereign immunity?

## XIII. **A concise statement of any disagreement as to the application of the Federal Rules of Evidence or the Federal Rules of Civil Procedure**

None.

## XIV. **Undisposed Motions**

1.  DE 232, Plaintiff's Motion to Strike Expert Testimony of W. Ken Katsaris, filed March 19, 2019 and fully briefed as of April 2, 2019.  The Court's February 21, 2020 Order struck the Expert Testimony of W. Ken Katsaris for the purposes of considering Defendants' summary judgment motions, but denied without prejudice Plaintiff's Motion to strike until trial if Defendants still intended

to use Mr. Katsaris as an expert in this matter.  Plaintiff's accordingly reiterate their

objection to Mr. Katsaris and ask the Court to exclude his testimony at trial.

2.     All motions in limine yet unresolved.

Respectfully submitted this 8th day of July, 2022.

/s/ *Guy B. Rubin*
Guy B. Rubin, Esq. (FBN 691305)
Todd M. Norbraten, Esq. (FBN 56605)
RUBIN & RUBIN
2055 S. Kanner Hwy.
Stuart, FL 34994
(772) 283-2004
(772) 283-2009 Facsimile
grubin@rubinandrubin.com
tnorbraten@rubinandrubin.com

/s/ *Christopher S. Anulewicz*
Christopher S. Anulewicz, Esq.
Georgia Bar No. 020914
Pro Hac Vice Applied For
Patrick Silloway, Esq.
Pro Hac Vice Applied For
Georgia Bar No. 971966
BALCH & BINGHAM, LLP
30 Ivan Allen, Jr. Blvd., Suite 700
Atlanta, Georgia 30308
(404) 962-3562
canulewicz@balch.com
psilloway@balch.com

*Attorneys for Plaintiff*

/s/ *Robert A. Shimberg*
Robert M. Fulton, Esq. (FBN 008516 )
Robert A. Shimberg, Esq. (FBN 816043)
HILL WARD & HENDERSON, P.A.
101 E. Kennedy Blvd., Suite 3700
Tampa, FL 3361-2231
813.221.3900 – Telephone
813.221.2900 – Facsimile
Bob.fulton@hwhlaw.com
robert.shimberg@hwhlaw.com

/s/ *April S. Kirsheman*
April S. Kirsheman, Esq. (FBN 66291)
Hillsborough County Sheriff's Office
2008 East 8th Avenue
Tampa, FL 33605
(813) 247-8185
(813) 242-1817 (fax)
akirsheman@hcso.tampa.fl.us

*Attorneys for Defendants Sheriff Chad Chronister and Deputy Sheriff Mark Clark*

/s/ *Sean M. Conahan*
Sean M. Conahan, Esq. (FBN 468878)
SHELTON | MCKEAN
9700 9th Street N.
St. Petersburg, FL 33702
Telephone: (727) 316-6363
Facsimile: (727) 316-6368
sconahan@sheltonmckean.com
service-conahan@sheltonmckean.com

/s/ *Donovan A. Roper*
Donovan A. Roper, Esq. (FBN 858544)
ROPER & ROPER, P.A.
116 North Park Avenue
Apopka, FL 32703
Telephone: 407-884-9944
Fax: 407-884-4343
email@roperandroper.com
gbelohlavek@roperandroper.com
lblackburn@roperandroper.com
blewis@roperandroper.com

*Attorneys for Florida State Fair Authority*