## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| **ANDREW JOSEPH, JR., as natural father, next friend and personal representative of the Estate of Andrew Joseph, III, deceased,** | ) ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) ) | **CIVIL ACTION NO.** |
| **CHAD CHRONISTER, in his official capacity as the Sheriff of Hillsborough County, State of Florida; and Deputy Sheriff MARK CLARK, in his individual capacity,** | ) ) ) ) ) ) ) | **8:16-CV-00274-MSS-CPT** |
| **Defendants.** | ) ) | |

## <u>JURY INSTRUCTIONS</u>

### 1.   <u>Introduction</u>

Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.

**2.**     **The Duty to Follow Instructions**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the governmental agency.

**3.**     <u>**Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**</u>

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**4.**   **Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

a.   Did the witness impress you as one who was telling the truth?

b.   Did the witness have any particular reason not to tell the truth?

c.   Did the witness have a personal interest in the outcome of the case?

d.   Did the witness seem to have a good memory?

e.   Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

f.   Did the witness appear to understand the questions clearly and answer them directly?

g.   Did the witness's testimony differ from other testimony or other evidence?

**5.**     <u>**Impeachment of Witnesses Because of Inconsistent Statements**</u>

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But, keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**6.**    <u>**Expert Witnesses**</u>

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

**7.**   **<u>Responsibility for Proof – Plaintiff's Claims – Preponderance of the Evidence/ Greater Weight of the Evidence</u>**

In this case it is the responsibility of Mr. Joseph to prove every essential part of each of his claims by a "preponderance of the evidence" or the "greater weight of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Mr. Joseph's claims are more likely true than not true. "Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence or the greater weight of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Mr. Joseph's claims by a preponderance of the evidence or the greater weight of the evidence, you should find for the Defendant as to that claim.

**8.**   **Plaintiff Andrew Joseph, Jr. Represents all Plaintiffs Entitled to Recover**

Pursuant to Florida law, only one person may bring a claim on behalf of a decedent or his survivors. This person is called the "personal representative" of the decedent and the survivors.  In this case, the personal representative is Andrew Joseph, Jr., the father of Andrew Joseph, III.

Mr. Joseph is bringing claims on behalf of the Estate of Andrew Joseph, III, himself, and Deanna Joseph, Andrew Joseph, III's mother.  If you find in favor of Andrew Joseph, Jr. you may award damages to Mr. Joseph against one or more of the Defendants for those damages suffered by Mr. Joseph, Ms. Joseph, and the Estate of Andrew Joseph, III (which is a substitute for the person of Andrew Joseph, III) as will be described on your verdict form.

**9.**     <u>**Wrongful Death Negligence Claim**</u>

As his first claim, Mr. Joseph claims that Hillsborough County Sheriff's Office, through its agents and employees, was negligent in the conduct toward Andrew Joseph, III after Andrew was seized at the Fair, which Mr. Joseph contends caused Andrew's death.

Hillsborough County Sheriff's Office denies that claim and also claims Andrew Joseph, III was himself negligent in his conduct after he was ejected from the Fair, which Hillsborough County Sheriff's Office contends caused Andrew's death.

The Parties must prove their claims and defenses by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.

## 10.    __Negligence__

Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.

## 11. <u>Negligence of a Child</u>

Reasonable care on the part of a child is the care that a reasonably careful child of the same age, mental capacity, intelligence, training and experience would use under like circumstances.

**12.**     **<u>Wrongful Death – Vicarious Liability</u>**

Hillsborough County Sheriff's Office is subject to vicarious liability for the operational negligence of its agents and employees, if any, in implementing the safety and security policies established for the Fair relating to their conduct towards Andrew Joseph, III after Andrew was seized at the Fair. In considering Hillsborough County Sheriff's Office's liability, you may not consider decisions regarding safety and security planning for the Fair and the decision to seize Andrew on the Midway.

**13.** **Wrongful Death – Legal Duty of Hillsborough County Sherriff's Office**

You should first consider that the Hillsborough County Sheriff's Office owed Andrew a legal duty. There are certain common law duties that were or may have been owed.

A police officer's decision to assume control over a particular situation or individual or group of individuals is accompanied by a corresponding duty to exercise reasonable care.

In this instance, the Hillsborough County Sheriff's Office ejected Andrew from the fair and therefore you must consider whether this ejection placed him in a foreseeable zone of risk. The law generally will recognize that a defendant owes a duty to all those placed within the zone to either lessen the risk or see that sufficient precautions are taken.

**14.   Violation of Florida Statutes by Hillsborough County Sheriff's Office as some Evidence of Negligence**

There are several statutes that address the duties that Hillsborough County Sheriff's Office owed to Andrew. Andrew was "taken into custody" when he was seized from the midway by Officer Clark and taken to the area where he was further processed. Florida law required Hillsborough County Sheriff's Office to notify or attempt to notify Andrew's parent, guardian or legal custodian and to continue such attempt until the parent, guardian, or legal custodian of Andrew was notified or he was delivered to the department of Juvenile Justice.

Additionally, Florida law required Hillsborough County Sheriff's Office to attempt to release Andrew to his parent, guardian, or legal custodian, or if Andrew's parent, guardian, or legal custodian was unavailable, unwilling, or unable to provide supervision for him, to any responsible adult.

Hillsborough County Sheriff's Office violated both of these provisions. These violations may be considered as evidence of negligence. Neither is conclusive evidence of negligence. You may consider these facts, together with the other facts and circumstances, in deciding whether Hillsborough County Sheriff's Office was negligent.

**15.**  **Violation of Statute, Ordinance, or Regulation as Evidence of Negligence**

Florida law provides that no pedestrian shall walk upon a limited access facility or a ramp connecting a limited access facility to any other street or highway. Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Andrew Joseph III violated this statute, you may consider that fact, together with the other facts and circumstances, in deciding whether such person was negligent.

16. **<u>Legal Cause</u>**

Negligence is a legal cause of death if it directly and in natural and continuous sequence produces or contributes substantially to producing such death, so that it can reasonably be said that, but for the negligence, the death would not have occurred.

In order to be regarded as a legal cause of death, negligence need not be its only cause. Negligence may also be a legal cause of death even though it operates in combination with the act of another or some other cause occurring after the negligence occurs if such other cause was itself reasonably foreseeable and the negligence contributes substantially to producing such death or the resulting death was a reasonably foreseeable consequence of the negligence, and the negligence contributes substantially to producing it.

17.**Burden of Proof on Wrongful Death Negligence Claim**

If the greater weight of the evidence does not support Mr. Joseph's wrongful death negligence claim against the Hillsborough County Sheriff's Office, then your verdict should be for the Hillsborough County Sheriff's Office on the wrongful death claim.

**18.  <u>Defense Issues</u>**

If, however, the greater weight of the evidence supports Mr. Joseph's claim against the Hillsborough County Sheriff's Office, then you shall consider the defense raised by the Hillsborough County Sheriff's Office

On this defense, the issue for you to decide is whether Andrew Joseph, III was himself negligent in his conduct after he was ejected from the Fair, and, if so, whether that negligence was a contributing legal cause of his death.

**19.**   **<u>Comparative Negligence</u>**

You are instructed that Andrew Joseph, III had a duty to use the reasonable care of a reasonably careful child of the same age, mental capacity, intelligence, training and experience to avoid injury or damage to himself. If you find from the evidence that Andrew Joseph, III failed to use such care, and if you also find that such failure, if any, contributed to his death, then Andrew Joseph, III was comparatively negligent.

20.  **<u>Burden of Proof on Defense Issues</u>**

If the greater weight of the evidence does not support Hillsborough County Sheriff's Office's defense and the greater weight of the evidence does support Mr. Joseph's wrongful death negligence claim against Hillsborough County Sheriff's Office, then your verdict should be for Mr. Joseph, as personal representative of the Estate of Andrew Joseph, III, in the total amount of his damages.

If, however, the greater weight of the evidence shows that Andrew Joseph, III and Hillsborough County Sheriff's Office were both negligent and that the negligence of each contributed as a legal cause of Andrew Joseph, III's death, you should decide and write on the verdict form what percentage of the total negligence of Hillsborough County Sheriff's Office and Andrew Joseph, III you apportion to each of them.

**21.  <u>Civil Rights – 42 U.S.C. § 1983 Claims – Fourth Amendment Claim – Private Person Alleging Unlawful Arrest or Unlawful Search – Elements</u>**

As his second claim, Mr. Joseph claims that Deputy Mark Clark, while acting under color of law, intentionally committed acts that violated Andrew's constitutional right not to be seized without probable cause.

Under the Fourth Amendment to the United States Constitution, every person has the right not to be seized without probable cause.

To succeed on this claim, Mr. Joseph must prove each of the following facts by a preponderance of the evidence:

First: That Deputy Clark intentionally committed acts that violated Andrew Joseph, III's constitutional right not to be seized without probable cause.

Second:  That Deputy Clark's conduct caused Andrew Joseph, III's injury; and

Third:   That Deputy Clark acted under color of law. The parties have agreed that Deputy Clark acted under color of law, so you should accept that as a proven fact.

For the first element, Mr. Joseph claims that Deputy Clark seized Andrew Joseph, III without probable cause. Deputy Clark may seize a person without a warrant whenever the facts and circumstances within Deputy Clark's knowledge, based on reasonably trustworthy information, would cause a reasonable officer to believe that the person has committed, is committing, or is about to commit an offense.  Under Florida law, it is an offense of trespass to enter and remain upon

the grounds or facilities owned, operated, or controlled by the Fair and commit any act that disrupts the orderly conduct of any authorized activity of the Fair.

For the second element, Deputy Clark's conduct caused Andrew Joseph, III injury if Andrew Joseph, III would not have been injured without Deputy Clark's conduct, and his injury was a reasonably foreseeable consequence of Deputy Clark's conduct.

If you find Andrew Joseph Jr. has proved each fact that he must prove, you must decide the issue of damages. If you find that Mr. Joseph has not proved each of these facts, then you must find for Deputy Clark.

22. **<u>Civil Rights – U.S.C. § 1983 Claims – Fourth Amendment Claim – Proximate Causation</u>**

As I have explained, a plaintiff asserting a constitutional claim under § 1983 must satisfy the element of proximate causation. Although § 1983 defendants are responsible for the natural consequences of their actions, the subsequent acts of independent, autonomous decision makers may constitute intervening superseding causes that break the causal chain and insulate the defendant from liability in whole or in part.

23.  <u>**Wrongful Death – Hillsborough County Sheriff's Office Damages**</u>

If your verdict is for Hillsborough County Sheriff's Office on Mr. Joseph's wrongful death claims, you will not consider the matter of damages.

But if the greater weight of the evidence supports Mr. Joseph's claims, you should determine and write on the verdict form, in dollars, the total amount of damage which the greater weight of the evidence shows the estate of Andrew and his survivors sustained as a result of his injury and death, including any damages that the estate and the survivors are reasonably certain to incur or experience in the future.

In determining any damages to be awarded to Mr. Joseph as personal representative for the benefit of Andrew's surviving parents, Mr. Joseph and Deanna Joseph, You should consider separately the following elements of damage for which there is no exact standard for fixing the compensation to be awarded. Any such award should be fair and just in the light of the evidence regarding the following elements:

a.  <u>Mental Pain and Suffering:</u>  The mental pain and suffering of Mr. Joseph and Deanna Joseph as a result of the injury and death of Andrew Joseph, III from February 7, 2014. In determining the duration of mental pain and suffering, you may consider the life expectancies of Mr. Joseph and Deanna Joseph together with the other evidence in the case.

In evaluating the issue of damages on the wrongful death claim against Sheriff Chronister, you will not consider any pain and suffering experienced by Andrew Joseph, III.

**24.** <u>**Comparative Negligence, Non-Party Fault, and Multiple Defendants**</u>

In determining the total amount of damages to the Estate of Andrew Joseph, III and his survivors as a result of his death, you should not make any reduction because of the negligence, if any, of Andrew Joseph, III. The court in entering judgment will make any appropriate reductions.

## 25. **<u>Civil Rights – 42 U.S.C. § 1983 Claims – Clark Compensatory Damages</u>**

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Andrew Joseph, III's damages – including compensation for his parents as his survivors under Florida law - caused by Deputy Clark's actions—no more, no less. You must not impose or increase these compensatory damages to punish or penalize Deputy Clark. And you must not base these compensatory damages on speculation or guesswork. But compensatory damages are not restricted to actual loss of money—they also cover the physical aspects of the injury. Mr. Joseph does not have to introduce evidence of a monetary value for intangible things like physical pain. You must determine what amount will fairly compensate him for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of compensatory damages, to the extent you find Mr. Joseph has proved them by a preponderance of the evidence, and no others:

a. The pain and suffering of Andrew's natural parents resulting from Andrew's death, including Mr. Joseph's mental pain and suffering and loss of companionship of his son and Deanna Joseph's mental pain and suffering and loss of companionship of her son, including such mental or emotional harm that Andrew's parents are reasonably certain to

experience in the future.

**26.** **<u>Litigation-Induced Emotional Damages</u>**

Litigation-induced emotional distress is not a compensable element of damages.

**27.**   **Civil Rights – 42 U.S.C. § 1983 Claims – Punitive Damages**

If you find for Mr. Joseph and find that Deputy Clark acted with malice or reckless indifference to Andrew's federally protected rights, the law allows you, in your discretion, to award Mr. Joseph punitive damages as a punishment for Deputy Clark and as a deterrent to others.

Mr. Joseph must prove by a preponderance of the evidence that he is entitled to punitive damages.

Deputy Clark acted with malice if his conduct was motivated by evil intent or motive. Deputy Clark acted with reckless indifference to the protected federal rights of Andrew if Deputy Clark engaged in conduct with a callous disregard for whether the conduct violates Andrew's protected federal rights.

If you find that punitive damages should be assessed, you may consider the evidence regarding Deputy Clark's financial resources in fixing the amount of punitive damages to be awarded.

**28.**   **<u>Duty to Deliberate</u>**

The fact that I have given you instructions concerning the issue of the Plaintiff's damages should not be interpreted in any way as an indication that I believe Mr. Joseph, Jr. should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### 29.  **Election of Foreperson; Explanation of Verdict Forms**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.